

CRAIG CARPENITO
United States Attorney

GABRIEL J. VIDONI
BRUCE P. KELLER
Assistant United States Attorneys

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*   856/757-5026
*401 Market Street, 4th Floor*                Fax: 856/968-4917
*Post Office Box 2098*                 Direct Dial: 856/968-4869
*Camden, New Jersey 08101-2098*

March 9, 2020

Joseph A. Hayden, Jr., Esq.
Roger Plawker, Esq.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601

    Re:    <u>Plea Agreement with Douglas M. Long</u>

Dear Counsel:

    This letter sets forth the plea agreement between your client, Douglas M. Long, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon approval by the United States Department of Justice, Tax Division, and it will remain open until March 11, 2020. If a signed plea agreement is not received by the close of business on that date, this offer will expire.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Douglas M. Long to an Information which charges that Douglas M. Long did willfully attempt to evade or defeat personal income taxes due and owing by him to the Internal Revenue Service ("IRS") for the tax year 2014, in violation of 26 U.S.C. § 7201. If Douglas M. Long enters a guilty plea to, and is sentenced on, this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Douglas M. Long for: (1) his evasion of his taxes due and owing for tax years 2012 through 2015; (2) his diversion of income from his business to avoid federal taxes for tax years 2012 through 2015; and (3) the alleged falsity of statements made by Douglas M. Long to federal law enforcement agents on February 28, March 7, March 16, and March 21, 2017, provided that Douglas M. Long admits under oath at the time of his guilty plea to evading personal income taxes for tax years 2012, 2013, and 2015 and that the tax losses caused by this conduct are taken into account by the Court at the time of sentencing as relevant conduct, pursuant to U.S.S.G. § 1B1.3.

1

In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Douglas M. Long agrees that any dismissed charges and any other charges not time-barred by the applicable statute of limitations on the date this agreement is signed by Douglas M. Long may be commenced against him, notwithstanding the expiration of the limitations period after Douglas M. Long signs the agreement.

### Sentencing

The violation of 26 U.S.C. § 7201 to which Douglas M. Long agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Douglas M. Long is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Douglas M. Long ultimately will receive.

Further, in addition to imposing any other penalty on Douglas M. Long, the sentencing judge: (1) will order Douglas M. Long to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Douglas M. Long to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Douglas M. Long, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Douglas M. Long to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Douglas M. Long to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Douglas M. Long be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Douglas M. Long may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution

In addition to the foregoing, pursuant to 18 U.S.C. § 3663(a)(3), Douglas M. Long agrees to pay restitution in the amount of $269,736 to the IRS for tax losses due and owing for tax years 2012, 2013, 2014, and 2015, which Douglas M. Long agrees results from his fraudulent conduct. The restitution amount shall be paid according to a plan established by the Court. The Court will order Douglas M. Long to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil

assessment. *See* 26 U.S.C. § 6201(a)(4). Douglas M. Long does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Douglas M. Long's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. Douglas M. Long is, however, entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Douglas M. Long accepts and understands that the restitution amount specified and agreed to herein does not encompass all tax losses for purposes of sentencing.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Douglas M. Long by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Douglas M. Long's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Douglas M. Long agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Douglas M. Long from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Douglas M. Long waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

3

### Immigration Consequences

Douglas M. Long understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Douglas M. Long understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Douglas M. Long wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Douglas M. Long understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Douglas M. Long waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Federal Tax Form 870 Waiver

Prior to the date of sentencing, Douglas M. Long shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for tax years 2012, 2013, 2014, and 2015; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Douglas M. Long agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Douglas M. Long. With respect to disclosure of the criminal file to the IRS, Douglas M. Long waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Douglas M. Long's tax returns and return information.

Furthermore, Douglas M. Long agrees not to file any claims for refund of taxes, penalties, and interest for tax years 2012, 2013, 2014, and 2015 or for any other amounts paid in accordance with this agreement. Douglas M. Long agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Douglas M. Long. This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party from initiating or prosecuting any civil or administrative proceeding against Douglas M. Long.

No provision of this agreement shall preclude Douglas M. Long from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Douglas M. Long received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Douglas M. Long and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                    Very truly yours,

                    CRAIG CARPENITO
                    United States Attorney

BY:   GABRIEL VIDONI
       BRUCE P. KELLER
       Assistant U.S. Attorneys

APPROVED:

JAMES B. NOBILE
Assistant U.S. Attorney
Chief, Special Prosecutions Division

I have received this letter from my attorneys, Joseph A. Hayden, Jr., Esq. and Roger Plawker, Esq. I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 3-10-20
DOUGLAS M. LONG

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 3-11-20
JOSEPH A. HAYDEN, JR., ESQ.

_____     Date: 3-11-20
ROGER PLAWKER, ESQ.

<u>Plea Agreement With Douglas M. Long</u>

<u>Schedule A</u>

1. This Office and Douglas M. Long recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Douglas M. Long nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2T1.1. This Office and Douglas M. Long agree that the base offense level is 18 because the total tax losses, including relevant conduct under U.S.S.G. § 1B1.3, for tax years 2012 through 2015, is approximately $388,000, which is greater than $250,000 but less than $550,000. U.S.S.G. § 2T4.1(G).

4. As of the date of this letter, Douglas M. Long has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Douglas M. Long's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Douglas M. Long has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Douglas M. Long's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Douglas M. Long enters a plea pursuant to this agreement; (b) this Office in its discretion determines that Douglas M. Long's acceptance of responsibility has continued through the date of sentencing and Douglas M. Long therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and (c) Douglas M. Long's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Douglas M. Long is 15 (the "total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departures or adjustments at Step II of Sentencing, and the parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. Douglas M. Long reserves the right, however, to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose any such application made by Douglas M. Long for a Step III variance.

8. Douglas M. Long knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 15. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.